IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID ROBERT MARTINEZ,

      Plaintiff,

v.                                       1:24-cv-01150-SMD-JMR

ALBUQUERQUE POLICE DEPARTMENT,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on defendant's Motion to Dismiss Plaintiff's Complaint, with Prejudice, filed November 12, 2024. Doc. 6. Plaintiff, proceeding *pro se*, did not file a response. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Honorable District Judge Sarah M. Davenport referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 15.

Having reviewed the motion, plaintiff's complaint, and the relevant law, I recommend the Court GRANT IN PART and DENY IN PART defendant's motion to dismiss (Doc. 6). I recommend the Court dismiss plaintiff's complaint. However, I recommend that the Court grant plaintiff leave to amend the complaint.

## I.    Background

Plaintiff, David Robert Martinez, filed a complaint in the Second Judicial District of the State of New Mexico on October 2, 2024. Doc. 1-2; *see also Martinez v. Albuquerque Police Dep't*, D-202-CV-202407752 (N.M. 2d Jud. Dist. Ct. filed Oct. 2, 2024). Plaintiff's complaint is one page plus an additional signature page. When prompted for the "event or transaction" from

which his claims arise, plaintiff wrote: "Torture, Abuse, the continuous attempts to unalive. They entered my apartment illegally. They have also gotten in the way of my disability." *Id.* Plaintiff did not provide any further details regarding his claim.

On November 12, 2024, defendant, the Albuquerque Police Department, removed this case from state court to federal court. Doc. 1. That same day, defendant filed this Motion to Dismiss Plaintiff's Complaint, with Prejudice. Doc. 6.

## II.    Legal Standard

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). The Court assumes "the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

"The *Twombly* Court was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 565 n.10). A complaint must provide "fair notice" of the "nature of the claim" and the underlying "grounds on which the claim rests." *Id.* (quotation omitted).

Finally, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* Still, the Court may not "assume the role of advocate for the pro se litigant." *Id.*

## III. Discussion

Defendant moves to dismiss plaintiff's complaint with prejudice. Doc. 6. In a courteous attempt to guess plaintiff's intentions, defendant argues six reasons[1] as to why plaintiff fails to

---

[1] Defendant argues that plaintiff fails to state a claim because—

1. The Albuquerque Police Department is not a suable entity.
2. Plaintiff does not state the elements of a 42 U.S.C. § 1983 claim.
3. Plaintiff does not explain how governmental immunity is waived under the New Mexico Tort Claims Act.
4. Plaintiff did not comply with the notice requirements of the New Mexico Tort Claims Act.
5. Plaintiff's claim is potentially barred by the statute of limitations.

3

state a claim as a matter of law. *Id.* However, the most straightforward reason plaintiff fails to state a claim is that his complaint does not provide the defendant, or the Court, "fair notice" of the "nature of the claim" and the "grounds on which the claim rests." *Robbins*, 519 F.3d at 1248.

Plaintiff's complaint does not provide enough information about his claims. Plaintiff simply writes: "Torture, Abuse, the continuous attempts to unalive. They entered my apartment illegally. They have also gotten in the way of my disability." Doc. 1-2. Plaintiff does not provide any "specific time, place, or person involved." *Robbins*, 519 F.3d at 1248. Plaintiff does not state the actor or victim of this alleged "[t]orture," "[a]buse," or "continuous attempts to unalive." Plaintiff says that "they" entered his apartment and got "in the way of" his disability but the Court cannot ascertain who "they" is. When did these events happen? Where? How did they happen? Under what circumstances? How do these events entitle plaintiff to legal relief? Plaintiff's complaint raises more questions than it answers. Even read liberally, plaintiff's complaint "do[es] not permit the court to infer more than the mere possibility of misconduct." *See Iqbal*, 556 U.S. at 679. That is insufficient to "show[]" that plaintiff "is entitled to relief." *See* FED. R. CIV. P. 8(a)(2).

Nevertheless, plaintiff should be allowed to amend his complaint to cure its deficiencies. Although defendant requests a dismissal with prejudice, Tenth Circuit case law cautions otherwise. "[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (citing 6 Wright, Miller, &

---

6. Plaintiff fails to state the elements an Americans with Disabilities Act claim. Doc. 6 at 4–9.

Kane, FEDERAL PRACTICE & PROCEDURE, Civil 2d § 1483 (West 1990)). When the plaintiff is a *pro se* litigant who is potentially unaware of "special pleading requirements, dismissal of the complaint without prejudice is preferable." *Id.* (citation omitted). Accordingly, the Court should allow plaintiff to amend his complaint.

In sum, I recommend that the Court (1) dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted and (2) grant plaintiff leave to amend. *See* FED. R. CIV. P. 12(b)(6); *Reynoldson*, 907 F.2d at 126.

**IV.    Non-Prosecution Notice**

Finally, plaintiff is hereby reminded of his duty to prosecute his case. Local Rule 41.1 provides that "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-Civ. 41.1. If plaintiff does not take steps to prosecute his case, the Court may dismiss his complaint without further notice. *See* FED. R. CIV. P. 41(b)("If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .") (citation omitted).

The Court is concerned that plaintiff has chosen not to prosecute his case. Plaintiff has not filed anything in either federal or state court since his complaint was filed. *See* Docs. 1–15; *Martinez v. Albuquerque Police Dep't*, D-202-CV-202407752 (N.M. 2d Jud. Dist. Ct. filed Oct. 2, 2024). Defendant's motion to dismiss states that plaintiff was contacted and "opposes" the motion. *Id.* at 1. However, plaintiff did not submit a response to the motion. The Court has no

reason to believe that plaintiff did not receive the motion. Doc. 12 (noting that the motion to dismiss was sent to plaintiff "via Certified Return-Receipt and Regular U.S. Mail," and via email). The Court similarly has no reason to doubt that plaintiff has received the various filings in this case. *See* Docs. 1–15. Still, plaintiff has not acknowledged the case—at least to the Court—since its inception. Plaintiff's silence signals that plaintiff may not be interested in pursuing this case.

If that is the case, plaintiff may conserve Court resources by filing a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(A)(ii) ("Voluntary Dismissal"). Otherwise, if plaintiff continues not to participate in the case, the Court may dismiss plaintiff's case on its own accord. *See* FED. R. CIV. P. 41(b); *Olsen*, 333 F.3d at 1204 n.3; D.N.M.LR-Civ. 41.1.

## V.    Conclusion

I recommend that the Court GRANT IN PART and DENY IN PART defendant's Motion to Dismiss Plaintiff's Complaint, with Prejudice. Doc. 6. I recommend the Court grant defendant's request to dismiss plaintiff's complaint but decline to do so with prejudice. I further recommend the Court allow plaintiff to amend his complaint.

To ensure that plaintiff receives this Proposed Findings and Recommended Disposition, the Clerk's Office is ordered to send this filing to both plaintiff's physical address and his email address. The Clerk's Office should also send plaintiff a copy of the Court's *pro se* packet and local rules if it has not done so already.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

JENNIFER M. ROZZONI
United States Magistrate Judge

7